UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2P COMMERCIAL AGENCY S.R.O. ,

           Plaintiff,

-vs-                                              Case No.  2:11-cv-652-FtM-29SPC

SRT USA, INC., LEN FAMILANT,

           Defendants.
_____

**ORDER**

This matter comes before the Court on the Defendant, Len A. Familant's Motion to Set Aside or Vacate the Clerk's Default (Doc. #17) filed on February 9, 2012. The Plaintiff filed its Response in Opposition (Doc. # 19) on February 21, 2012. The Motion is now fully briefed and ripe for the Court's review.

Fed. R. Civ. P. 55(a) provides that the clerk shall enter a party's default if the party fails to plead or otherwise defend an action brought against it, and this "failure is shown by affidavit or otherwise." Idearc Media LLC. v. Kravitz Law Group, P.A., 2010 WL 2179122 *2 (M.D. Fla May 7, 2012). Under Rule 55(b), a default judgment may be entered by the court or the clerk if certain requirements are met. Id. Pursuant to Rule 55(c), a court may set aside an entry of default for good cause shown, while a default judgment may be set aside in accordance with Rule 60(b). Rule 60(b) allows the court to set aside a final judgment for excusable neglect, among other reasons. "The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default. The excusable neglect standard

that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." Idearc Media LLC., 2010 WL 2179122 at *2 (*citing* E.E.O. C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir.1990) (citations omitted)).

In this case, only an entry of default was made by the clerk and therefore Rule 60(b) (and the more rigorous excusable neglect standard) is not applicable. Thus, the Court need only determine whether good cause has been shown to set aside the entry of default. "Good cause is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance." Idearc Media LLC., 2010 WL 2179122 at *2 (*citing* Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir.1996) (*quoting* Coon v. Grenier, 867 F.2d 73, 76 (1st Cir.1989)). In determining whether to set aside a clerk's entry of default for good cause, courts consider factors such as: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest was implicated; (5) whether there was significant financial loss to the defaulting party; and (6) whether the defaulting party acted promptly to correct the default. Idearc Media LLC., 2010 WL 2179122 at *2. If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Id.* at *2. (*citing* Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194-95 (6th Cir.1986)).

The Plaintiff filed its Complaint with the Court on November 10, 2011. (Doc. # 1). A Return of Service (Doc. # 8) as to the Defendant Len A. Familant was filed with the Court on December 5, 2011. No timely answer, responsive pleading, or Fed. R. Civ. P 12 Motion was filed

on behalf of the Defendant. The Plaintiff moved the Court for the entry of a Clerk's Default against the Defendant Familant (Doc. # 10) which was subsequently granted on December 14, 2012.

On December 23, 2011, New York counsel for Mr. Familant, Michael Masri, sent an email to counsel for the Plaintiff (this email is attached as Exhibit B to the Declaration of Sergiu Gherman, filed as part of the Plaintiff's Motion for Default Judgment). In this email, Mr. Masri advised Mr. Gherman that Mr. Familant was not personally served with the Complaint, and requested that Mr. Gherman consent to a vacatur of the default.

In subsequent correspondence, Mr. Gherman stated that he would not consent to vacate the default and that Mr. Familant would need to dispute service of process in court and attend an "evidentiary hearing with sufficient evidence to rebut the service." (This email correspondence is attached Exhibit B to the Declaration of Sergiu Gherman, filed as part of the Plaintiff's Motion for Default Judgment). On January 13, 2012, Mr. Familant served a *pro se* answer and affirmative defenses. The answer was mailed to counsel for the Plaintiff, who, based upon the time records of Plaintiff's counsel (also attached as an Exhibit to the Declaration of Sergiu Gherman) received it on or about January 17, 2012. The Plaintiff moved the Court for entry of a Default Judgment (Doc. # 16) against the Defendant Familant on January 22, 2012. Following the Motion for a Default Judgment, the Defendant Familant filed the instant Motion moving the Court to remove the Clerk's Default.

Based upon the record set forth by the Defendant Familant, it appears he did try, although by improper procedure, to respond to the Complaint. The Defendant's improper attempts to answer or otherwise respond to the Complaint are a strong indication to the Court that the Defendant's failure to answer was not done with willful, intentional or reckless disregard for the judicial

proceedings. As such, the Court finds good cause to grant the Motion and remove the Clerk's Default.

The Plaintiff also filed a Motion for Default Judgment (Doc. # 16) on January 22, 2012. Since the instant Motion has been granted the Motion for Default Judgment is now moot and due to be denied as such.

Accordingly, it is now

**ORDERED:**

The Defendant, Len A. Familant's Motion to Set Aside or Vacate the Clerk's Default (Doc. #17) is **GRANTED**.

(1) The Clerk of the Court is hereby directed to **VACATE** the Clerk's Default (Doc. #12) against the Defendant Len A. Familant.

(2) The Plaintiff. 2P Commercial Agency, s.r.o. Motion for Entry of Default Judgment is **DENIED as moot** as to the Defendant Len A. Familant only.

(3) The Defendant Len A. Familant shall have up to and including **March 13, 2012**, to file an Answer or otherwise resond.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of February, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record