UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2P COMMERCIAL AGENCY
S.R.O.,

  **Plaintiff,**

V.              Case No:  2:11-CV-652-FtM-29SPC

SRT USA, INC. and LEN A.
FAMILANT

  **Defendants.**

_____/

## ORDER

  This matter comes before the Court on the Plaintiff, 2P Commercial Agency S.R.O's Motion to Compel Rule 26(a)(1) Initial Disclosures (Doc. #31) filed on April 16, 2012.  The Defendant filed its Response in Opposition (Doc. # 32) on April 26, 2012.  The Plaintiff, with leave of the Court, filed a Reply Brief (Doc.# 37) on May 4, 2012.  The Motion is now fully briefed and ripe for the Court's consideration.

  The Plaintiff states that the Defendant, Familant, failed to provide complete and accurate initial disclosures as required by Fed. R. Civ. P. 26(a)(1)(A)(ii).  The Rule requires each party to produce "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(a)(1)(A)(ii).

According to the Plaintiff, the Defendant Familant turned over the following Rule 26 initial disclosures that supported his defenses.

> B. Documents and Exhibits:
>
> (1) All contracts and agreements, including but not limited to, invoices and purchase orders executed by and between the parties,
> (2) All correspondence, including but not limited to notes of conversations, memos of phone conversations, telephone records, e-mail correspondence, between the parties and/or their legal representative.
> (3) All contracts and agreements, including but not limited to, invoices and purchase orders executed by and between 2P Commercial Agency and AV Tech Ltd.
> (4) Affidavits previously filed by representatives of 2P Commercial Agency.
> (5) All documents related to the attorney's fees incurred by 2P and alleged to be recoverable as damages.
> Defendant reserves the right to list additional documents and exhibits as required under Rule 25 Fed. R. Civ. P.

The Plaintiff said he notified the Defendant on April 11, 2012, that the Rule 26 initial disclosures were insufficient and gave Defense Counsel until April 13, 2012, to correct the deficiency.

The Defendant said the Plaintiff was informed that the attorney responsible for the Defendant's case was out of town in Haiti and would not return until April 19, 2012. Further the Defendant states that his initial disclosures were not deficient. Notwithstanding his claim that the disclosures were not sufficient, the Defendant Familant agreed to amend his disclosures and state which documents were no longer in his possession custody and control and which documents would be in the possession, custody and control of the Plaintiff.

The Plaintiff responded that the Defendant did not amend his initial disclosures in a timely manner but waited until April 26, 2012, to amend and then filed its response to the instant

Motion leaving the Plaintiff with no time to review the amended discovery and withdraw the Motion if it was no longer needed.

Initially, the Plaintiff knew the Defendant's counsel was out of the country when he demanded that the initial disclosures be amended and did not allow time for the Defense Counsel to return to the United States and discuss the issues. The Plaintiff argues that another attorney in the firm could review and produce the requested disclosure, however, that would still not allow the Defendant sufficient time to respond and prepare a proper amended disclosure because the Plaintiff only allowed two (2) days to comply. Nevertheless, while Rule 26 does not require the Defendant to produce the requested documents, it does require the Defendant to state the location of any documents or electronic production disclosed under the Rule. Here, the Defendant's original disclosure does not provide the location of the production and the amended disclosure merely states that the Plaintiff has the documents or has equal access to the documents. Such disclosure is insufficient. The Rule specifically requires the party to produce "a copy—or description by category and location—of all documents. . . ." Therefore, the Defendant must provide the Plaintiff with an amended Rule 26 disclosure either producing the documents and relevant discovery or giving specific locations for the documents or electronic production.

The Plaintiff and Defendant both request sanctions in the form of attorney's fees for the Motion and Response. After a review of the Party's briefs, the Court does not find good cause to grant sanctions against either Party. However, the Court does find a lack of cooperation from both the Plaintiff and the Defendant in this matter. The Court cautions both sides in this

litigation that future failures to cooperate and comply with the Local and Federal Rules may result in sanctions.

Accordingly, it is now

**ORDERED:**

The Plaintiff, 2P Commericial Agency S.R.O's Motion to Compel Rule 26(a)(1) Initial Disclosures (Doc. #31) is **GRANTED in part the DENIED.**

(1) The Plaintiff, 2P Commericial Agency S.R.O's Motion to Compel Rule 26(a)(1) Initial Disclosures is **GRANTED**. The Defendant has up to and including **May 29, 2012**, to either produce the initial disclosures or provide specifics as to where the materials may be located.

(2) The Plaintiff, 2P Commericial Agency S.R.O's Motion for Sanctions is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th Day of May 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

4