```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

2P COMMERCIAL AGENCY S.R.O.,

                      Plaintiff,

vs.                                       Case No. 2:11-cv-652-FtM-29SPC

SRT USA, INC., LEN FAMILANT,

                      Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Omnibus Motion for Default Final Judgment (Doc. #16) filed on June 22, 2012. Defendant Len A. Familant has since appeared and moved to set aside the default, and the Clerk's Entry of Default (Doc. #12) was vacated as to this defendant. Therefore, the request for a default judgment will only be considered as to defendant SRT USA Inc. and denied as moot with regard to Len A. Familant. No response has been filed by SRT USA Inc. and the time to respond has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the

merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotation marks and citations omitted).

Taking all well pled allegations in the Complaint (Doc. #1) as admitted, plaintiff 2P Commercial Agency s.r.o., a Czech Republic entity (2P Commercial or plaintiff), is in the business of wholesale trade of mobile telephones on the global market. Defendants SRT USA Inc. (SRT) and Len A. Familant (Familant) act as suppliers and purchasers of mobile phones, but acted as suppliers in this case. Familant provided a personal guarantee up to $300,000 if SRT failed to deliver goods or make payment by Letter of Guarantee. Familant, as principal of SRT, executed a contract on SRT's behalf, and in reliance on Familant's representations, plaintiff made a payment of $55,360.00.

In Count I, plaintiff alleges a breach of contract under the United Nations Convention on Contracts for the International Sale of Goods (CISG), a treaty to which both the United States and Czech Republic are signatories. On July 13, 2011, plaintiff offered a Purchase Order which called for delivery for inspection no later than July 19, 2011, and requested bank account information for a deposit. Familant, as agent for SRT, accepted the terms and signed

as supplier but defendants supplied banking information that was incorrect.  The next day, plaintiff initiated a wire transfer, which failed but was re-wired to the correct account number on the same day.  Defendants accepted the monies but failed to deliver the goods.  The contract was voided by plaintiff and defendant made partial restitution of $5,000.00 to plaintiff.  SRT did not return the remaining deposit.  Plaintiff seeks direct and consequential damages, including lost profits, and attorney's fees under Article 74 of the CISG.

In Count II, plaintiff states that defendants' written and/or oral promises to return monies made subsequent to the breach was a deceptive or unfair practice in violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).  On at least one occasion, defendants encouraged payment of additional monies to recover the sum owing, and employed a "bait and switch" tactic to induce plaintiff into purchasing merchandise different/inferior from what defendants were obligated to deliver.  Alternatively, defendants never intended to ship the goods to plaintiff, or never had the capacity to supply the goods, or the pattern of avoidance and delay restitution was deceptive or unfair.  Defendants deceptive or unfair practice offended established public policy and caused financial losses.  Count III pertains to Familant only, who has since appeared in this case.

**II.**

A Clerk's Entry of Default (Doc. #15) was entered as to defendant SRT USA Inc. on December 29, 2011.[1]  Therefore, plaintiff has complied with the necessary prerequisite under Fed. R. Civ. P. 55(a) for a default judgment.  A copy of was mailed to Sherman Tyson, as registered agent, however mail was returned as undeliverable as Mr. Tyson moved and left no forwarding address.  Based on the appearance and filing of the Motion to:  Not Attend Deposition Duces Tecum (Doc. #42) on July 23, 2012, the registered agent is aware of the default.

**Count I:  CISG**

The CISG applies to contracts for the sale of goods between parties when the States are Contracting States.  <u>United Nations: Conference on Contracts for the Int'l Sale of Goods</u>, Apr. 10, 1980, 19 I.L.M. 668, 672 (1980).  The United States and the Czech Republic are signatories to the CISG.[2]  "A breach of contract committed by one of the parties is fundamental if it results in such detriment to the other party as substantially to deprive him of what he is entitled to expect under the contract, unless the

---

[1] Although filed on December 28, 2011, the Clerk entered the default on December 29, 2011.

[2] The former Czechoslovakia signed the CISG on September 1, 1981.  It was later ratified and went into force on April 1, 1991.  On September 30, 1993, the Czech Republic deposited instruments of succession with effect from January 1, 1993.  <u>See</u> http://www.uncitral.org/uncitral/en/uncitral_texts/sale_goods/1980CISG_status.html.

party in breach did not foresee and a reasonable person of the same kind in the same circumstances would not have foreseen such a result." CISG, art. 25.  A buyer may declare the contract avoided if the seller fails to perform any obligations under the contract. Id., art. 49(1)(a).  The Court finds that the allegations of the Complaint support a finding that SRT breached the Purchase Order and Purchase Invoice by failing to deliver the goods, and that plaintiff properly avoided the contract based on the breach.

"Damages for breach of contract by one party consist of a sum equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach.  Such damages may not exceed the loss which the party in breach foresaw or ought to have foreseen at the time of the conclusion of the contract, in the light of the facts and matters of which he then knew or ought to have known, as a possible consequence of the breach of contract." Id., art. 74.  "A party who relies on a breach of contract must take such measures as are reasonable in the circumstances to mitigate the loss, including loss of profit, resulting from the breach. If he fails to take such measures, the party in breach may claim a reduction in the damages in the amount by which the loss should have been mitigated."  Id., art. 77.  "If a party fails to pay the price or any other sum that is in arrears, the other party is entitled to interest on it, without prejudice to any claim for damages recoverable under article 74.  Id., art. 78.

Plaintiff submitted the Declaration of Olexandr Roshal (Roshal) (Doc. #16-1), sales manager for the North American region. Roshal states that a 20% deposit in the amount of $55,360.00 was wired to SRT, and after the contract was avoided, $5,000.00 was wired back to plaintiff's account. The remaining amount is outstanding. (Id., ¶¶ 6, 8, 14.) When the goods were not delivered and before the contract was avoided, on July 28, 2011, plaintiff formed a new contract with a different supplier for the goods but at a higher price and resulting in an overpayment of $22,400.00. (Id., ¶¶ 11, 15.) The Court finds that the remaining amount of the deposit, plus the amount of mitigated damages for having to form a new contract are foreseeable damages resulting from the breach. Therefore, the Court finds that plaintiff is entitled to $72,760.00 in damages.

The Court further finds that an award of prejudgment interest is appropriate. Generally, where jurisdiction is based on a federal question and in the absence of a controlling statute, the choice of rate for prejudgment interest is a matter of discretion. Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH, 141 F.3d 1434, 1447 (11th Cir. 1998)("That choice is usually guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding *post*-judgment interest.")(emphasis in original)(citations omitted).

Plaintiff also seeks post-judgment interest at the post-judgment rate under 28 U.S.C. § 1961(a). In its discretion, the Court will apply the proposed rate under Florida law. Plaintiff suggests the date of breach, July 19, 2011, however the Court finds that plaintiff's avoidance of the contract, before the breach was complete, is the correct and intervening date. Therefore, August 8, 2011, is the date that will be applied. (Doc. #16-1, ¶¶ 11, 14.)

The Court declines to award attorney's fees not expressly provided for under the CISG, and not otherwise permitted in federal court without statutory authority or a contractual provision, Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975).

**Count II:   FDUTPA**

A "claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." City First Mortg. Corp. v. Barton, 988 So. 2d 82, 86 (Fla. 4th DCA 2008)(internal citations and quotation omitted). See also KC Leisure, Inc. v. Haber, 972 S. 2d 1069, 1073-74 (Fla. 5th DCA 2008). Under the FDUTPA, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices are unlawful. Fla. Stat. § 501.204(1). A "deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the

circumstances, to the consumer's detriment." Zlotnick v. Premier Sales Group, Inc., 480 F.3d 1281, 1284 (11th Cir. 2007)(quoting PNR, Inc. v. Beacon Prop. Mgmt., Inc., 842 So. 2d 773, 777 (Fla. 2003)). The deception should be probable, not possible, and likely to cause injury. Id. (citation omitted).

The allegations present speculations as to possible motives for breaching the contract, and unfair and deceptive acts separate from and after the breach. The Court finds this is sufficient to support a claim under FDUTPA with the allegations deemed admitted. Compare Rebman v. Follett Higher Educ. Group, Inc., 575 F. Supp. 2d 1272, 1279 (M.D. Fla. 2008)(citing PNR, Inc., 842 So. 2d at 777 n.2)(act of breaching challenged as the unfair or deceptive act), with Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc., 744 F. Supp. 2d 1305, 1312-1313 (S.D. Fla. 2010)(while related, the claim alleges something more than a mere breach).

Under the FDUTPA, a party who has suffered a loss as a result of a violation may bring an action to recover actual damages, plus attorney's fees and costs. Fla. Stat. § 501.211(2). See also Fla. Stat. § 501.2105. Actual damages do not include consequential damages, Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. 2d DCA 2006), and constitute the difference in the market value of the product in the condition delivered and the market value in the condition in which it should have been delivered according to the

contract, <u>Rollins, Inc. v. Heller</u>, 454 So. 2d 580, 585 (Fla. 3d DCA 1984). In this case, plaintiff suffered $50,360.00 in actual damages, representing the non-refunded amount paid as a deposit to SRT.

In support and pursuant to Fla. Stat. 501.2105(2), plaintiff has submitted the Declaration of Sergiu Gherman (Doc. #16-2) with regard to counsel's time spent on the case and costs incurred as the prevailing party. Upon review, the Court finds that an award of attorney's fees is appropriate, and that the hourly rate is reasonable. Counsel will be required however to submit a separate motion for fees and costs limited to SRT only as the current Declaration provides for all fees and costs associated with litigation against both defendants.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Omnibus Motion for Default Final Judgment (Doc. #16) is **GRANTED** as to defendant SRT USA Inc., and **DENIED** as moot as to defendant Len A. Familant.

2. The Clerk is directed to enter judgment in favor of plaintiff and against SRT as to Counts I and II, and awarding damages totaling $72,760.00, with prejudgment interest accruing from August 8, 2011 to the date of judgment at the applicable rate under Florida law and post-judgment interest accruing from the date

of judgment until paid in full at the rate established under 28 U.S.C. § 1961(a).

3. The Clerk shall send a copy of this Order to Sherman Tyson at 945 S. Allendale Ave., Sarasota, Florida 34237, and update the docket to reflect this new address. The Clerk is further directed to terminate all pending matters as to defendant SRT only.

4. Plaintiff shall file a motion for attorney's fees and costs limited to litigation against SRT within **FOURTEEN (14) DAYS** of the entry of judgment.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of August, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record