# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

2P COMMERCIAL AGENCY
S.R.O.,

   **Plaintiff,**

v.           **Case No:  2:11-cv-652-FtM-29SPC**

LEN A. FAMILANT,

   **Defendant.**
_____/

## <u>ORDER</u>

   This matter comes before the Court on Defendant, Len A. Familant's ("Familant"), Motion to Stay and/or Extend Case Management Deadlines (Doc. #53) filed on September 10, 2012.  Plaintiff, 2P Commercial Agency S.R.O. ("2P Commercial"), filed its Response in Opposition (Doc. # 58) on September 18, 2012. Accordingly, this matter is now, fully briefed and ripe for review.

   Familant notes that a Motion to Dismiss (Doc. # 22) for failure to state a claim for relief and lack of subject matter jurisdiction is pending before this Court. (Doc. # 53). In the Motion to Dismiss Familant asserts two arguments: (1) that 2P Commercial failed to state a claim for relief pursuant to the United Nations Convention on Contracts for the International Sale of Goods ("CISG") and (2) once the Court dismisses the CISG Count, the Court must not exercise supplemental jurisdiction over the remaining state law claims. (Doc. #22). Specifically, Familant contends that courts apply CISG strictly between parties designated in the transaction as buyer or seller. CISG, Familant asserts, is inapplicable as to him because he is neither the buyer nor seller in the transaction at issue here. Furthermore, without the CISG Count Familant argues that

supplemental jurisdiction is inappropriate because only two state claims remain. In such a scenario, Familant contends that "this Court must decline to exercise supplemental jurisdiction." (Doc. #22). Accordingly, Familant asserts that a stay or extension of the deadlines contained in the Case Management Report is appropriate until the Court addresses the pending Motion to Dismiss.

In support of his request Familant cites to Jackson-Bear Group, Inc. v. Amirjazil, 2011 WL 720462 (M.D. Fla. Feb. 22, 2011), for the general proposition that "stays are appropriate where a dispositive motion is pending." (Doc. #53, p. 3). The Jackson-Bear case examined the necessity of staying discovery deadlines where a dispositive motion is pending under Chadsuma v Mazda Corporation, 123 F.3d 1353, 1367 (11th Cir. 1997). See Jackson-Bear, 2011 WL 720462 at *1. Accordingly, the Court will examine Chadsuma and its progeny to determine whether a stay is appropriate in this case.

Chadsuma states: "[f]acial challenges based on the failure to state a claim for relief, should…be resolved before discovery begins. Id. at 1368. However, Chadsuma does not stand for the proposition that all discovery should be stayed pending a decision on a motion to dismiss. Koock v. Sugar & Felsenthal, LLP, 2009 WL 2579307, *2 (M.D. Fla. August 19, 2009). "Instead, Chadsuma and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." Id. (citing In re Winn Dixie Stores, Inc., 2007 WL 1877887, *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary

peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." Id. (citation and internal quotation marks omitted).

An examination of the Complaint shows that 2P Commercial alleged that Familant was a merchant engaged in the mobile telephone trade. Moreover, 2P Commercial alleged in paragraphs three, eleven, and thirteen of its Complaint that Familant acted as a "merchant" and "supplier." (Doc. 1 ¶¶ 3,11,13). As an alternative argument, 2P Commercial alleged that Familant acted as SRT USA Inc.'s ("SRT") principal when he signed the contract, which led to the underlying transaction. (Doc. # 1 ¶13).   Under this argument, 2P Commercial asserts that pursuant to agency law principles Familant, as a principal, attained the status of seller and is therefore subject to personal liability. (Doc. 24, p. 6). All of the above could give rise to the inference that Familant could have been a seller in the underlying transaction thereby making CISG applicable as to him. As such, without ruling on the merits of the Motion to Dismiss, the Court finds that a stay in proceedings is not warranted at this time.

Alternatively, Familant requests the Court to extend the Case Management Deadlines. Specifically, Familant requests the Court extend the dispositive motions deadline.[1] Modification of the Court's Scheduling Order is governed pursuant to the Federal Rules of Civil Procedure 16(b)(4). The Rule states that the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires the moving party to show that "the schedule cannot 'be met despite the diligence of the party.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). Mere carelessness offers no reason for a grant of relief. Barnette v. Federal Express Corporation, 2011 WL 2413437, *1 (M.D. Fla. June 14, 2011)

---

[1] Familant also requests the Court extend the deadline for final pretrial statement, trial briefs, pretrial conference, and trial term should the court fail to rule on this Motion prior to November 19, 2012. However, as the Court is issuing its Order prior to November 19, 2012, the deadlines remain the same.

(citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9 th Cir. 1992)). Despite his request to extend the dispositive motion deadline, Familant still filed a dispositive motion, his Motion for Summary Judgment (Doc. # 55), prior to the deadline's expiration. Consequently, Familant's request is denied as moot.

Accordingly, it is now

**ORDERED**

Defendat, Len A. Familant's Motion to Stay and/or Extend Case Management Deadlines (Doc. #53) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of September, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record