UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2P COMMERCIAL AGENCY S.R.O.,

                Plaintiff,

vs.                                  Case No.   2:11-cv-652-FtM-29SPC

SRT USA, INC., LEN FAMILANT,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Partial Final Summary Judgment on Breach of CISG Contract Claim, Count I, and Incorporated Memorandum of Law (Doc. #54) filed on September 17, 2012. Defendant filed a response on October 1, 2012. (Doc. #61.) For the reasons set forth below, the motion is denied.

The Complaint alleges that plaintiff, 2P Commercial Agency, S.R.O., (2P Commercial or plaintiff) is a Czech Republic entity in the business of wholesale trade of mobile telephones on the global market.  The Complaint alleges that SRT USA, Inc. (SRT)[1] and defendant Len A. Familant (defendant or Familant) act as suppliers and purchasers of mobile phones, but acted as suppliers in this case.  Plaintiff ordered mobile phones and submitted a deposit but the phones were never delivered.  Plaintiff covered the contract

---

[1] SRT was also a named defendant in this matter.  However, on August 13, 2012, a default judgement was entered against this defendant.  (Doc. #49.)

from another supplier. SRT made a partial restitution, but have not returned the entirety of the deposit to 2P Commercial. The specific factual allegations are set forth in greater detail in this Court's December 19, 2012, Opinion and Order. (Doc. #67.)

Plaintiff seeks partial summary judgment as to Count I, only. Count I asserts a claim for breach of contract pursuant to the United Nations Convention on Contracts for the International Sale of Goods (CISG).[2] Plaintiff further limits its motion for partial summary judgment by limiting the theory of recovery. Specifically, plaintiff frames the issue as: "whether Len A. Familant "Familant" is liable as a partner of SRT USA[,] Inc[.] "SRT" for SRT's non-delivered goods and related contractual damages, when Familant by words/or by conduct purported by be SRT's partner, and in reliance on Familant's representations and/or conduct plaintiff entered into a contract with SRT and was thereby financially injured by SRT's breach." (Doc. #54, p.2.) Plaintiff specifically states that the motion does not concern whether Familant was personally a seller in the contested transaction and therefore liable for breach of contract as alleged in Count I of the Complaint, and reserves that issue for trial. (Doc. #54, p.2, n.2.)

---

[2]The CISG applies to contracts for the sale of goods between parties when the States are Contracting States. United Nations: Conference on Contracts for the Int'l Sale of Goods, Apr. 10, 1980, 19 I.L.M. 668, 672 (1980). Both the Czech Republic and the United States are signatories.

Among his various arguments in opposition, Familant asserts that the partial motion for summary judgment is improper because the Complaint does not allege that he was a partner of SRT. (Doc. #60, pp. 6-8.) Defendant's position is well taken. The Complaint alleges that SRT is a Florida *corporation* with its principal place of business in Lee County, Florida. (Doc. #1, ¶ 1.) There are no allegations in the Complaint that contradict this allegation and suggest that SRT is a partnership, rather than a corporation or that Familant held SRT out as a partnership. Further, there are no facts which allege that Familant was a "partner" of SRT; rather, the Complaint alleges that Familant made representations as a "principal" of SRT. (Doc. #1, ¶ 13.)

The allegations regarding Familant as a "principal" of SRT could support plaintiff's allegations that Familant was an agent of SRT.[3] (See Doc. #1, ¶¶ 3, 8, 17.) However, plaintiff does not seek partial summary judgment on an agency theory. As mentioned above, this motion is limited to Familant's purported liability as

---

[3] For example, to plead that apparent agency existed in the disputed transaction, a plaintiff must allege "1) a representation by the purported principal; 2) reliance on that representation by a third party; and 3) a change in position by the third party in reliance on the representation." Saralegui v. Sacher, Zelman, 19 So.3d 1048, 1051-52 (Fla. 3d DCA 2009) quoting (Ocana v. Ford Motor Co., 992 Sp.3d 319, 326 (Fla. 3d DCA 2008). With respect to the first element, the claimant must show that the purported principal represented or acted in such a way as to lead him to believe that the purported agent, was, in fact, his agent. Vermeulen v. Worldwide Holidays, Inc., 922 So. 2d 271, 275 (Fla. 3d DCA 2006).

to Count I as a partner, or purported partner, of SRT. Indeed, plaintiff cites to the Florida Revised Partnership Act of 2005, Fla. Stat. § 620, *et seq.* in support of the motion.[4] However, because there are no allegations in the Complaint of the existence of a partnership or purported partnership, or that Familant was a partner in such partnership, Familant's purported liability as a partner of SRT is not at issue in this matter. Therefore, the motion for partial summary judgment as to Count I is denied.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Partial Final Summary Judgment on Breach of CISG Contract Claim, Count I, and Incorporated Memorandum of Law (Doc. #54) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of January, 2013.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record

---

[4] In particular, plaintiffs cite to Fla. Stat. § 620.8308 which relates to the liability of a purported partner. Among other things, this section provides that, "[i]f a person, by words or conduct, purports to be a partner, or consents to being represented by another as a partner, in a partnership or with one or more persons who are not partners, the purported partner is liable to a person to whom the representation is made, if such person, relying on the representation, enters into a transaction with the actual or purported partnership."