```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION

2P COMMERCIAL AGENCY S.R.O. ,

                 Plaintiff,

vs.                                  Case No. 2:11-cv-652-FtM-29SPC

SRT USA, INC., LEN FAMILANT,

                 Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on 2P Commercial Agency S.R.O's Motion to Dismiss Defenses and Counterclaim (Doc. #72) filed on January 21, 2013.  Len A. Familant filed a response in opposition on February 4, 2013.  (Doc. #76.)  For the reasons set forth below, the motion to dismiss is denied.

**I.**

This case concerns the sale of iPhones by Len A. Familant (Familant) to 2P Commercial Agency S.R.O. (2P Commercial) and a personal guarantee executed by Familant related to the sale.  The allegations of the Complaint are set forth in greater detail in the Court's prior Opinion and Order.  (Doc. #67.)  2P Commercial initiated this matter asserting: breach of contract under the United Nations Convention of Contracts for the International Sale of Goods (CISG)(Count I), violation of the Florida Deceptive and Unfair Trade Practices Act (Count II), and breach of personal guarantee (Count III).  Following the resolution of Familant's

motion to dismiss, he filed an Answer, Affirmative Defenses, Counterclaim, and Jury Demand. (Doc. #76.) 2P Commercial seeks to dismiss the counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) as untimely and for failure to state a claim. 2P Commercial further asserts that the Answer is duplicative and redundant of a prior Answer.[1] Some procedural background is warranted.

This matter was commenced on November 10, 2011. (Doc. #1.) Following Familant's failure to file a responsive pleading, 2P Commercial moved for an entry of a Clerk's Default. (Doc. #10.) The request was granted (Doc. #11) and a Clerk's Default was entered on December 15, 2011. (Doc. #12.) On February 9, 2012, defendant filed a motion to set aside the Clerk's Default. (Doc. #17.) In considering the motion, the Court noted that Familant had mailed an Answer to the plaintiff on January 14, 2012, but failed to file the document in the record. The Court noted that "[b]ased upon the record set forth by the Defendant Familant, it appears he did try, although by improper procedure, to respond to the Complaint." (Doc. #20, p. 4.) The Court found that this demonstrated that Familant's failure to answer the Complaint was not "willful, intentional, or [with] reckless disregard for the judicial proceedings," and found good cause to set aside the Clerk's Default. On February 22, 2012, the Court granted the

---

[1] 2P Commercial does not specifically state what relief it seeks with respect to the Answer, but the Court assumes it seeks to strike the pleading.

motion, set aside the Clerk's Default, and ordered Familant to either file an Answer or otherwise respond to the Complaint. (Id. at p. 4.) On March 13, 2012, Familant filed a motion to dismiss. (Doc. #22.) The Court denied the motion on December 19, 2012, and ordered defendant to file an Answer. (Doc. #67.) Thereafter, on January 2, 2013, Familant filed his Answer, Affirmative Defenses, Counterclaim and Jury Demand.

## II.

Counterclaims, like claims for relief in a complaint, must contain a short and plain statement showing an entitlement to relief, and the statement must give the opposing party fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007). A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005); Fabricant v. Sears Roebuck, 202 F.R.D. 306, 308 (S.D. Fla.2001).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. Timeliness**

Plaintiff asserts that Familant's counterclaim is untimely and should be dismissed. Plaintiff further asserts that the Court's December 19, 2012, Opinion and Order allowed Familant to file only an Answer, and thus the Counterclaim was filed in contravention of this Court's Order.

This argument is entirely without merit. Familant was under no obligation to file his Answer and Counterclaim until such time as the motion to dismiss was resolved. After resolving the motion, the Court provided Familant fourteen (14) days to file his Answer. Familant filed his Answer, which contained a Counterclaim as

permitted by Fed. R. Civ. P. 12 and 13, within this time period. The motion to dismiss on this basis is denied.[2]

**B.  Failure to State a Claim**

To state a cause of action for fraudulent inducement in Florida, Familant must assert: (1) a false claim of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance;  and (4) the other party justifiably relied on the false statement to his detriment. Novak v. Gray, 469 F. App'x 811, 815-816 (11th Cir. 2012) citing Shakespeare Found., Inc. v. Jackson, 61 So. 3d 1194, 1199 (Fla. 1st DCA 2011).  2P Commercial asserts that the Counterclaim fails to state a fraudulent inducement claim because he cannot show that his reliance on the alleged fraudulent statements was reasonable, particularly because Roshal represented that he was a Canadian attorney.[3]

---

[2] 2P Commercial also alleges that because Familant has urged the Court to decline supplemental jurisdiction over 2P Commercial's state law claims, he cannot assert a counterclaim which seeks to invoke the Court's supplemental jurisdiction.  (Doc. #72, p. 4.) The Court has declined Familant's request, (see Doc. #67) and there is no legal basis to estop Familant from raising claims within this Court's jurisdiction.

[3] In support of its motion, 2P Commercial sites various portions of 2P Commercial's corporate representative Alexander Roshal's deposition.  The Court declines to convert the motion to dismiss to a motion for summary judgment and will not consider this evidence.

The Court finds the Counterclaim asserts a cause of action for fraudulent inducement under Florida law. Familant asserts that Roshal, the corporate representative of 2P Commercial, fraudulently represented that the personal guarantee was "pure formality and bureaucracy", "not worth the paper it's written on" and "just a piece of paper to give everyone the warm and fuzzies." Further, Roshal informed Familant that he was a lawyer in Canada and knew that the personal guarantee was not enforceable. Familant asserts that Roshal knew that the statements about being a Canadian lawyer and regarding the enforcement of the alleged personal guarantee were false and were made to induce Familant to execute the personal guarantee. Familant further alleges that he relied on the false statements in executing the personal guarantee. Finally, Familant asserts that he relied on these representations to his detriment because despite plaintiff's assertions to the contrary, 2P Commercial has initiated this matter seeking to enforce the personal guarantee. At the motion to dismiss stage, Familant must only allege a set of facts that are "plausible" and non-speculative. <u>Twombly</u>, 550 U.S. at 555. Contrary to 2P Commercial's assertion, the Court finds that it is plausible that a person would reasonably rely on the representations of a lawyer, including a Canadian lawyer, which indicated that a personal guarantee had no legal effect. Accordingly, the motion to dismiss on this basis is denied.

**C. Duplicity and Request for Extended Discovery**

Finally, 2P Commercial asserts that the Answer and Affirmative defenses are duplicative of the Answer that was submitted to plaintiffs, but not filed into the record, on January 14, 2012.[4] 2P Commercial's argument is without merit. Familant has only filed one Answer in the record. (Doc. #70.) The January 14, 2012, Answer was not "filed" and thus has no force or effect in this case. See Fed. R. Civ. P. 5(d)(2), (3). As such, the Answer cannot be duplicative of a pleading that is not within the record.

**D. Request for Further Discovery**

Finally, 2P Commercial requests that if the Court declines to grant the motion to dismiss, that it allow a reasonable time for discovery and the filing of dispositive motions on the Counterclaim. In addition, 2P Commercial requests that any depositions and in-person meetings take place in Dade County. The Court will allow the parties additional time to conduct discovery and file a motion for summary judgment on the Counterclaim. However, 2P Commercial has provided no basis for the request to order that all depositions and in-person meetings be conducted in Dade County. Therefore, this request is denied.

Accordingly, it is now

---

[4] 2P Commercial also asserts that some of the defenses raised in the Anser have previously been denied by the Court in resolving Familant's Motion to Dismiss. 2P Commercial does not specifically identify which affirmative defenses this argument refers to, and the Court therefore declines to entertain this assertion.

-7-

**ORDERED:**

1. Motion to Dismiss Defenses and Counterclaim (Doc. #72) is **DENIED.**

2. 2P Commercial shall file an Answer to the Counterclaim within **fourteen (14) days** of this Opinion and Order.

3. The parties shall have **sixty (60) days** to conduct discovery **limited only to the Counterclaim and defenses to the Counterclaim.** Any discovery that is repetitive or redundant of discovery already conducted by the parties is **prohibited.**

4. The parties may file a summary judgment motion **limited only to the Counterclaim** within **fourteen (14) days** after the close of discovery, if they so choose. Responses must be filed in accordance with the Local Rules.

5. The request to conduct all depositions and in-person meetings in Dade County is **DENIED.**

6. This matter is hereby re-set for the August 2013 trial calendar.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of February, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record