UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2P COMMERCIAL AGENCY S.R.O. ,

                 Plaintiff,

vs.                       Case No.  2:11-cv-652-FtM-29UAM

SRT USA, INC., LEN FAMILANT,

                 Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on 2P Commercial Agency S.R.O.'s (2P Commercial or Counter-defendant) Motion for Final Summary Judgment on Familant's Counterclaim (Doc. #81) filed on April 26, 2013.  Len Familant (Familant or Counter-plaintiff) filed a response in opposition on May 10, 2013.  (Doc. #83.)  With leave of Court (Doc. #85), 2P Commercial filed a reply.  (Doc. #86.)  For the reasons set forth below, the motion for summary judgment is granted in part and denied in part.

### I.

The following facts are not disputed and taken in the light most favorable to the non-moving party, Familant:

Familant is a resident of the State of Maryland.  2P Commercial is an entity existing under the laws of the Czech Republic and its principal place of business is in Prague, Czech Republic.  Familant, who had a prior relationship with Michael Bocchino (Bocchino), was introduced to Olexander Roshal (Roshal),

an employee of 2P Commercial, via e-mail. (Doc. #81-2, p. 10). It is disputed whether Bocchino was a business partner of Roshal. After Familant was introduced to Roshal, Familant represented that he could obtain Apple iPhones with European specifications at a price that was lower than the current market price for European specification iPhones.

2P Commercial entered into a purchase order for 400 iPhones which were to be delivered by July 19, 2011. 2P Commercial initiated a wire transfer to purchase the phones on July 14, 2011, but the wire transfer failed due to an incorrect account number. 2P Commercial was notified of the failure on July 19, 2011. On July 19, 2011, 2P Commercial re-initiated the wire transfer to the correct bank account. A new purchase invoice was prepared which reflected the correct bank account number.

On July 19, 2011, Roshal sent an e-mail to Familant requesting that he sign a personal guarantee. Bocchino informed Familant that the personal guarantee was "not worth the paper it's written on" and was "just a piece of paper to give everyone the warm and fuzzies". On July 20, 2011, Roshal wrote an e-mail to Familant regarding the personal guarantee and stated the following in an e-mail to Familant regarding the personal guarantee:

> Len! I told u this is bullshit not letter!!! I gave u
> same. And as a lawyer I was one back in Canada I know
> that this is bullshit! Not specifics, nothing indicated.
> Nobody will take u to the court based on this letter! It
> is formality.

(Doc. #83-1, p. 4)

At some point after these statements were made, Familant ultimately signed the personal guarantee.[1]  The 400 iPhones were never delivered, and as a result, 2P Commercial initiated this action.  Count III of the Complaint asserts that Familant breached the personal guarantee.  In response, Familant filed a Counterclaim against 2P Commercial[2] asserting that Roshal's statements regarding the enforceability of the personal guarantee were fraudulent.

2P Commercial now moves the Court for summary judgment on Familant's Counterclaim.

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.

---

[1] The Court notes that the personal guarantee is dated July 18, 2013, and the alleged false statements were not made until July 20, 2013.  In response to the Court's inquiry (Doc. #93) neither party has provided the Court with the exact date that the personal guarantee was signed, although both agree that it was not signed until after Roshal's alleged statements.

[2] Neither Roshal nor Bocchino are named defendants in the Counterclaim.

The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 840 (11th Cir. 2000). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000); Jaques v. Kendrick, 43 F.3d 628, 630 (11th Cir. 1995). The Court does not weigh conflicting evidence or make credibility determinations. Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d at 1225. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Tullius v. Albright, 240

F.3d 1317, 1320 (11th Cir. 2001)(citing <u>Clemons v. Dougherty Cnty.</u>, 684 F.2d 1365, 1369 (11th Cir. 1982)).  However, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  <u>McCormick v. City of Fort Lauderdale</u>, 333 F.3d 1234, 1243 (11th Cir. 2003).

**III.**

**A.  2P Commercial's Liability**

As a threshold matter, 2P Commercial asserts that it is not liable for the statements made by either Bocchino and Roshal because 2P Commercial did not provide either individual with the authority to comment on the viability of the personal guarantee.

The Court need not address whether 2P Commercial is liable for Bocchino's statements that the personal guarantee was "not worth the paper it's written on" and was "just a piece of paper to give everyone the warm and fuzzies."  (Doc. #70, ¶23.) Although the Counterclaim makes references to these statements made by Bocchino, there are <u>no</u> allegations that <u>Bocchino</u>'s statements fraudulently induced Familant to execute the personal guarantee.  Instead, Familant's Counterclaim only alleges that <u>Roshal</u> made fraudulent statements that Familant relied upon when executing the personal guarantee.

With respect to Roshal, 2P Commercial asserts that it cannot be held labile for his statements because neither of Roshal's

supervisors were aware that Roshal made any statements regarding the enforceability of the personal guarantee, and Roshal was otherwise without authority to comment on the document's potential viability.

The Court is not persuaded.  Fraudulent inducement is a tort. Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Companies, Inc., 110 So. 3d 399 (Fla. 2013)("Fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct form breach of contract.")  It is well established that "[a]n employer is responsible for an intentional tort committed by an employee if the employee committed the tort while acting within the course and scope of his employment, with the purpose of benefitting the interests of the employer."  See e.g. Ruiz v. Aerorep Grp. Corp., 941 So. 2d 505, 507 (Fla. 3d DCA 2006).  Roshal was an employee of 2P Commercial at all relevant times.  2P Commercial makes no argument that Roshal did not have the authority to provide Familant with the personal guarantee, nor is there any evidence presented which would substantiate such an assertion.  Because the evidence demonstrates that Roshal was acting within the scope of his employment and for the benefit of his employer when he presented Familant with the personal guarantee for signing, it would follow that any comments regarding the contents of the personal guarantee, including its potential enforceability, was within the scope of Roshal's employment.  Summary judgment on this basis is denied.

**B.  Fraudulent Inducement**

The Counterclaim consists of one count which asserts a claim against 2P Commercial for fraudulent inducement.  The elements for a claim for fraudulent inducement are: "'(1) a false statement of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment.'"  <u>Shakespeare Found., Inc. v. Jackson</u>, 61 So. 2d 1194, 1199 n. 1 (Fla 1st DCA)(quoting <u>Rose v. ADT Sec. Servs., Inc.</u>, 989 So. 2d 1244, 1247 (Fla. 1st DCA 2008)), <u>review granted</u>, 74 So. 3d 1083 (Fla. 2011), <u>quashed and remanded on other grounds</u>, 108 So.3d 587 (2013).  The Counterclaim alleges the following false statements made by Roshal:

> Mr. Roshal advised Mr. Familant that he was a lawyer in Canada and knew the personal guarantee was not enforceable.  Mr. Roshal stated the personal guarantee was not specific and indicated nothing.  Mr. Roshal also stated that nobody would take Mr. Familant to court based on the personal guarantee and repeated that it was a pure formality.

(Doc. #70, ¶24.)

**1.  False Statement of Material Fact**

2P Commercial asserts that Roshal's statement that he was a Canadian lawyer, although false, was not material because Canada has no relation to the subject transaction, and "Familant cannot provide legally sufficient evidence that Roshal's misstatement

about him formerly being a lawyer in Canada, mattered in deciding whether or not to sign a Letter of Guarantee governed by the law of Florida."   (Doc. #81, p. 12.)   With respect to the remaining statements, 2P Commercial asserts that these statements cannot support a fraudulent inducement claim as a matter of law because they were opinion, not fact.

It is undisputed that Roshal's statement that he was a Canadian lawyer was false.  Roshal was never an attorney, in any country, but was a paralegal in Canada.  The Court finds that the fact that Roshal identified himself as an attorney was material. An attorney who asserts that a contract is not enforceable in his legal opinion–Canadian or otherwise–is purporting to assert a heightened knowledge as to the legality of a document.  Familant has attested that "[b]y telling me that [Roshal] was a lawyer in Canada, I believed that his statements concerning the unenforceability of the personal guarantee were legally true." (Doc. #83-1, p.2.)  Accordingly, the Court finds that Roshal's statement that he was a Canadian lawyer was a false statement of material fact.

With respect to the remaining alleged false statements, to constitute actionable fraud, false representations must generally relate to existing facts rather than future actions or opinions. See e.g., Cavic v. Grand Bahama Dev. Co., Ltd., 701 F.2d 879, 883 (11th Cir. 1983).  But, if the person making the representation has

superior knowledge of the subject matter, or makes a future promise to perform with no intent of doing so, the requirement of past of present fact does not apply. <u>Mejia v. Jurich</u>, 781 So. 2d 1175, 1177 (Fla. 3d DCA 2001); <u>see also</u> <u>Gemini Investors III, L.P. v. Nunez</u>, 78 So. 3d 94, 97 (Fla. 3rd DCA 2012); <u>Telesphere Int'l Inc. v. Scollin</u>, 489 So. 2d 1152, 1154 (Fla. 3d DCA 1986). "Where the person expressing the opinion is one having superior knowledge of the subject of the statement and . . . knew or should have known from facts in his or her possession that the statement was false", then "then opinion may be treated as a statement of fact." <u>Mejia</u>, 781 So. 2d at 1177.

The Court agrees that the remaining statements made by Roshal relate to his opinion as to the document's viability. However, because Roshal asserted superior knowledge by declaring himself, albeit falsely, an attorney, the Court finds that his statements fall within this exception and therefore Roshal's professed opinion that the personal guarantee was unenforceable is a statement of fact.

## 2. Roshal's Knowledge as to Falsity

With respect to Roshal's statements that he was a Canadian attorney, 2P Commercial asserts that Roshal did not know the statement was false at the time he made it. Specifically, 2P Commercial asserts that English is not Roshal's first language, and Roshal has declared and stated in deposition testimony that he

merely confused the English word for "paralegal" with "attorney." As to the remaining statements, 2P Commercial asserts that Roshal believed his statements that the document was a formality, that it would not be enforced, and that no one would take him to Court on the personal guarantee when he made the statements.

The Court finds there is a genuine issue of material fact as to whether Roshal knew he called himself an attorney when he made his statements. Although 2P Commercial has presented evidence via Roshal's declaration and deposition testimony as to his intent, this would require a credibility determination by the Court. Credibility determinations are not appropriate for summary judgment. Hilburn, 181 F.3d at 1225.

As to the remaining statements, the Court finds 2P Commercial's arguments that Roshal did not believe these statements were false at the time he made them is not supported by the evidence, and in any event, would be a matter for the jury. Roshal has declared that his statements were made "based on Familant's own assurance of delivery of the 400 iPhones." (Doc. #81-1, p.1.) This does not demonstrate that Roshal did not believe that the personal guarantee was an unenforceable document. Rather, this demonstrates that Roshal did not believe that the personal guarantee was necessary because he assumed that Familant would hold up his end of the bargain and there would be no need to enforce the document. Summary judgment on this basis is denied.

### 3.  Intent to Induce Reliance

2P Commercial asserts that Familant has not demonstrated that it had any intent to induce Familant to sign the document because "Roshal's supervisors had no knowledge of his correspondence with Familant regarding the Letter of Guarantee."  (Doc. #81, p. 15.) This argument is unavailing.

First, the third element of fraudulent inducement requires that "the <u>maker</u> intended that the false statement induce another's reliance."  <u>Shakespeare Found., Inc.</u>, 61 So. 3d at 1199 n. 1 (emphasis added).  Thus, Roshal's supervisor's knowledge of the statements, and their relative intent, is irrelevant.  Second, it is undisputed that Roshal made these statements to persuade Familant to execute the document.  Summary judgment on this basis is denied.

### 4.  Justifiable Reliance

2P Commercial asserts that Familant's reliance on Roshal's statements was unjustified because Canada has no relation to the subject transaction.  The Court previously rejected this argument in addressing 2P Commercial's motion to dismiss.  Therein, the Court stated that "it is plausible that a person would reasonably rely on the representations of a lawyer, including a Canadian lawyer, which indicated that a personal guarantee had no legal effect."  (Doc. #77, p. 6.)

In any event, whether Familant's reliance was justified is an issue for the trier of fact.  Romo v. Amedex Ins. Co., 930 So. 2d 643, 353 (Fla. 3rd DCA 2006) citing FCII Ins. Co. v. Caycee's Excavation, Inc., 901 So. 2d 248, 251 (Fla. 2d DCA 2005)(summary judgment reversed because "whether reliance was 'reasonable' involves the resolution of factual issues); Williams v. Bear Stearns & Co., 725 So. 2d 397 (Fla. 5th DCA 1998)(stating that issue of reasonable reliance on fraudulent representation is to be decided by the jury); Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So. 2d 168 (Fla. 4th DCA 1994)(holding that "determination of reliance is typically left to the trier of fact.").  Accordingly, summary judgment on this basis is denied.

## C.  Punitive Damages

In addition to general damages, Familant's Counterclaim seeks special damages including punitive damages.  2P Commercial asserts that punitive damages cannot be awarded because there is no evidence of any fault on behalf of 2P Commercial for the statements made by Roshal.  In response, Familant asserts that because Roshal was not a low level employee, 2P Commercial bears some fault for the acts of Roshal.

In order to recover for punitive damages under the doctrine of respondeat superior, there must be "some fault" on the employer's part.  Mercury Motors Express, Inc. v. Smith, 393 So. 2d 545 (Fla. 1981).  Although the misconduct of the employee upon which the

vicarious liability is based must be willful and wanton, the fault of the employer, independent of the employee's conduct, need be only "some fault" that forseeably contributed to the plaintiff's injury.  Id.

The Court finds that there is no evidence of "some fault" on behalf of 2P Commercial for the statements made by Roshal. Familant has not put forth any evidence that anyone other than Roshal was aware of his statements made to Familant or that Roshal was otherwise directed to provided counsel as to the enforceability of the document.  Summary judgment on this basis is granted.

Accordingly, it is now

**ORDERED**:

Motion for Final Summary Judgment on Familant's Counterclaim (Doc. #81) is **GRANTED IN PART AND DENIED IN PART**:

1.  2P Commercial Agency's Motion for Summary Judgment on Len Familant's Counterclaim, to the extent it seeks punitive damages, is **GRANTED**.

2.  2P Commercial's Motion for Summary Judgment is denied in all other respects.

**DONE AND ORDERED** at Fort Myers, Florida, this ___31st___ day of July, 2013.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies: Counsel of record